BURKHOLDER, Appellee,

v.

TWINSBURG TOWNSHIP BOARD OF ZONING APPEALS, Appellant.

[Cite as *Burkholder v. Twinsburg Twp. Bd. of Zoning Appeals* (1997), 122 Ohio App.3d 339.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18104.

Decided Aug. 13, 1997.

■■■■■■■■■■■■■■

*James L. Fisher*, for appellee.

*Alfred E. Schrader*, for appellant.

SLABY, Judge.

The Twinsburg Township Board of Zoning Appeals ("BZA") appeals the judgment of the Summit County Common Pleas Court reversing the BZA's denial of area variances requested by Christine M. Burkholder ("Burkholder"). We reverse.

I

Burkholder is the owner of a three-acre parcel of land on Twinsburg Road in Twinsburg Township. The property is zoned for limited commercial and light industrial use and borders a residential neighborhood. In 1995, Burkholder applied for six area variances in order to build a one-story day care center for one hundred eighty children on her property. The variances were for the following:

1. parking in the front of the building

2. parking in the front setback

3. reducing the residential buffer zone from one hundred to twenty-five feet

4. a driveway in the twenty-five-foot sideyard

5. reducing the minimum frontage requirement from three hundred to two hundred feet

6. two driveways off Twinsburg Road.

A public hearing was held on Burkholder's application. Burkholder and her architect testified in support of the variances; neighboring landowners and other community members testified against them. After weighing the community's concerns against Burkholder's, the BZA denied the variances.

Burkholder appealed the BZA's decision to the common pleas court pursuant to R.C. Chapter 2506. Before the BZA had an opportunity to respond on its behalf, the court reversed. Upon motion by the BZA, the court then vacated its determination. Ultimately, however, the court concluded that the BZA had not weighed the competing interests at stake correctly and assessed the proper balance in favor of Burkholder. Accordingly, the court once again reversed the BZA's denial of the variances, finding its decision to be unreasonable and unsupported by a preponderance of the evidence.

## II

The BZA now appeals, asserting two assignments of error in which it argues that its decision was, in fact, reasonable and supported by a preponderance of reliable, probative, and substantial evidence. It maintains that the trial court misapplied the "practical difficulties" test used to consider the grant or denial of an area variance. We agree.

A board of zoning appeals is given wide latitude in deciding whether to grant or deny an area variance. See *Schomaeker v. First Natl. Bank* (1981), 66 Ohio St.2d 304, 309, 20 O.O.3d 285, 288, 421 N.E.2d 530, 535; *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 35, 12 OBR 26, 30–31, 465 N.E.2d 848, 852–853. Further, its decision to deny a variance is to be accorded a presumption of validity. See *Consolidated Mgt., Inc. v. Cleveland* (1983), 6 Ohio St.3d 238, 240, 6 OBR 307, 309, 452 N.E.2d 1287, 1289–1290; *C. Miller Chevrolet, Inc. v. Willough-by Hills* (1974), 38 Ohio St.2d 298, 67 O.O.2d 358, 313 N.E.2d 400, paragraph two of the syllabus. It bears repeating that when reviewing a decision of a board of zoning appeals, a common pleas court acts in a "limited appellate capacity." *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835, 838–839; *Diversified Benefit Plans Agency, Inc. v. Duryee* (1995), 101 Ohio App.3d 495, 499, 655 N.E.2d 1353, 1355–1356. As the duty to administer a township's zoning resolutions "rests, in the first instance, with its duly elected officials," a court will rarely disturb the decision of a board and its findings are entitled to due deference. *Beckham v. Gustinski* (Sept. 4, 1996), Summit App. No. 17621, unreported, at 5, 1996 WL 502318. See, also, *Kisil v. Sandusky*, 12 Ohio St.3d at 35, 12 OBR at 30, 465 N.E.2d at 852–853; 2 Ohio Jurisprudence 3d (1977) 451–452, Administrative Law,

Section 209. If there is in the record a preponderance of reliable, probative, and substantial evidence to support the administrative decision, the trial court must affirm. See *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201–202, 389 N.E.2d 1113, 1117; *In re Jones* (1990), 69 Ohio App.3d 114, 118, 590 N.E.2d 72, 75. See, also, R.C. 2506.04.

A property owner applying for an area variance bears the burden of showing that the application of the zoning ordinance to the property is inequitable. See *Duncan v. Middlefield* (1986), 23 Ohio St.3d 83, 86, 23 OBR 212, 214–215, 491 N.E.2d 692, 695–696. In order to do so, an owner must demonstrate "practical difficulties" in complying with a zoning regulation. See *id.* R.C. 519.14(B), and Twinsburg Township Zoning Resolutions 102.35. "Practical difficulties" are encountered whenever an area zoning requirement unreasonably deprives a property owner of a permitted use of the property. See *Duncan, supra.*

In ascertaining whether a landowner has suffered such an unreasonable deprivation in the use of the property, a board of zoning appeals or the reviewing court must necessarily weigh the competing interests of the property owner and the community. See *id.* Seven factors must be considered prior to determining that the private interest outweighs the countervailing public interest, none of which is controlling:

"(1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (*e.g.*, water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance." *Id.* at syllabus.

## III

In ultimately reversing the BZA, the trial court failed to weigh a majority of the foregoing determinants of the "practical difficulties" test set forth in *Duncan.* It simply concluded that the property would not yield a reasonable return due to its size and shape and that "no substantial evidence was presented evidencing that the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variances." In addition to placing an improper burden on the BZA concerning the

latter factor, the court also did not contemplate a number of the requested variances. It analyzed only two in its opinion—the reduction in the residential buffer and the two driveways—before substituting its judgment for that of the BZA and ordering that all six of the requested variances be granted.

Burkholder's appeal application listed six variances that she presented to the BZA as an "all or nothing" proposition.[1] The application provided no information addressing any of the factors set forth in the "practical difficulties" formula to prove why Burkholder required all six to reasonably use her property. Moreover, from our review of the record of the BZA hearing in light of the relevant factors, it is clear that Burkholder did not meet her burden of demonstrating "practical difficulties" sufficient to require the BZA to approve the application for a variance.

First, the record is devoid of any evidence that Burkholder is unable to beneficially use the property without the variance. Her architect simply alleged that with all the zoning restrictions, "it's a pretty questionable buildable parcel of land." He offered no evidence of attempts at different designs for the child care center with varied building and parking lot layouts, or, for that matter, that Burkholder tried to use the property in another manner but could not. It is undisputed that the Twinsburg Township zoning law allows for many and various uses of the property so that Burkholder may otherwise secure a return on her investment. See Twinsburg Township Zoning Resolutions 111.02 (*e.g.*, banks and banking facilities, printing and publishing, professional offices). In addition, the fact that a variance is compelled from the minimum frontage requirement in order to build on the property does not mean that the property cannot be beneficially used. See *Defino v. Columbia Twp. Bd. of Zoning Appeals* (July 2, 1997), Lorain App. No. 96CA006489, unreported, at 7, 1997 WL 416450. Even so, Burkholder sought not just this one variance, but requested it together with five others. No one factor controls in determining whether a property owner has encountered practical difficulties.

Second, there was no showing by Burkholder that the variance was not substantial. The one-hundred-foot frontage reduction is, by itself, a significant departure from the zoning law. Building the center within twenty-five as opposed to one hundred feet of neighboring homes is also a serious deviation, especially when considered in conjunction with the other requests.

Third, Burkholder presented no evidence that the variance would not alter the essential character of the neighborhood. To be sure, all of the residents who

---

1. At the BZA hearing, Burkholder conceded that her child care center project could get along without two of the six variances. The rejection by the BZA of this attempted compromise was not appealed.

testified at the hearing objected to the child care center. Of particular concern was the effect of the center's close proximity and parking on the resident's property values and privacy. While one neighbor did agree that he would be satisfied if a fence were erected to block his view, this would have required yet another variance. See *Mork v. Tallmadge Bd. of Zoning Appeals* (Dec. 27, 1989), Summit App. No. 14108, unreported, at 9, 1989 WL 157209. Also, Burkholder did not provide any evidence that other, similar variances had been granted in that or other limited commercial and light industrial districts. Cf. *Kisil v. Sandusky,* 12 Ohio St.3d at 33, 12 OBR at 28, 465 N.E.2d at 851.

Fourth, Burkholder offered no evidence regarding the delivery of governmental services to their lot other than the fact that water and sewage had yet to be approved. We also reject Burkholder's contention on appeal that because the child care center is apparently a permissible use for the property, there can be no adverse effect on government services. Giving credence to Burkholder's argument would render this factor, which the Ohio Supreme Court specifically articulated for area rather than use variances, meaningless. See *Duncan, supra,* at 86, 23 OBR at 214–215, 491 N.E.2d at 695–696; *Kisil, supra,* syllabus.

Fifth, Burkholder had knowledge of the zoning restrictions at the time of buying the property. She has, in fact, negotiated to return the land to its original owner if the BZA declined to exempt her from the zoning laws.

Sixth, as discussed above in assessing the second factor, Burkholder's predicament could have been obviated by selecting a different use for the property or in modifying her construction plans for the child care center.

Seventh, and finally, none of Burkholder's evidence challenged the concerns raised by the BZA and the community about undermining the purpose of the township's zoning law by allowing all six of the variances. Indeed, Burkholder's architect admitted at the BZA hearing that "we knew we were asking for a lot to request this many variances." Furthermore, with respect to the seventy-five-foot cutback in the residential buffer, we note that the declared purpose of the district was to provide exclusively for commercial and limited industrial use "without encroaching upon adjoining residential development." Twinsburg Township Zoning Resolutions 111.01.

Consequently, our review of the record supports the BZA's denial of the variance because Burkholder failed to demonstrate by a preponderance of the evidence that she has encountered "practical difficulties" in the use of the property. The common pleas court erred by confining its focus to only certain factors and specific variances, and by placing on the BZA the burden of proving that Burkholder does not prevail under the "practical difficulties" test.

The BZA's assignments of error are sustained. The decision of the trial court is reversed, and the order of the BZA denying Burkholder's six variances is reinstated.

*Judgment reversed.*

DICKINSON, P.J., and BAIRD, J., concur.