This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant, the Granger Township Board of Zoning Appeals ("Board"), has appealed the judgment of the Medina County Court of Common Pleas that reversed the Board's decision to deny appellees', Georgeann Kozub and George Watkins, request for a zoning variance. This Court reverses.
 I.
George Watkins is the owner of two adjacent lots located in Granger Township, in the county of Medina. The lots are identified as P.P.N. 005-07B-20-001 ("Front Lot"), and P.P.N. 005-07B-20-002 ("Rear Lot"). The Front Lot contains a residence, and measures one-half acre. It's frontage faces Remsen Road. The Rear Lot is located directly behind the Front Lot, and also measures one-half acre. The Rear Lot does not have road frontage, and is vacant.
Watkins' granddaughter, Georgeann Kozub, wishes to build a home on the Rear Lot. However, Granger Township Zoning laws prohibit residential construction on the lot because the lot is too small and does not contain street frontage. Therefore, Kozub and Watkins filed an application for zoning variances for the Rear Lot.
The Board held a hearing on the variance requests and determined that the requests should be denied on the basis that the Rear Lot is not buildable because it is undersized and lacks frontage.
Appellees (Watkins and Kozub collectively) filed a notice of appeal in the Medina County Common Pleas Court. After a hearing, the trial court reversed the Board's decision, and ordered the Board to issue the requested variances to appellees.
The Board has timely appealed, and has asserted one assignment of error.
 II. ASSIGNMENT OF ERROR THE LOWER COURT ERRED IN REVERSING THE DECISION OF THE DEFENDANT-APPELLANT GRANGER TOWNSHIP BOARD OF ZONING APPEALS TO DENY PLAINTIFF-APPELLEES' REQUESTED VARIANCE SINCE THE DECISION IS SUPPORTED BY A PREPONDERANCE OF SUBSTANTIAL, RELIABLE, AND PROBATIVE EVIDENCE AND IS NOT ARBITRARY, CAPRICIOUS, OR UNREASONABLE.
The Board argues that the trial court abused its discretion in overturning the Board's decision to deny appellees' requested variances. This Court agrees.
A board of zoning appeals is given wide latitude in deciding whether to deny or grant a variance. See Schomaeker v. First Natl. Bank (1981),66 Ohio St.2d 304; Burkholder v. Twinsburg Township Bd. of ZoningAppeals (1997), 122 Ohio App.3d 339. A board's decision to deny a zoning variance application is to be presumed valid by reviewing courts. SeeConsolidated Mgt. Inc. v. Cleveland (1983), 6 Ohio St.3d 238.
When reviewing an administrative decision, a common pleas court acts in a "limited appellate capacity," Univ. Hosp., Univ. of Cincinnati Collegeof Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, 343, rehearing denied (1992), 63 Ohio St.3d 1459, and must affirm an agency's decision if the court finds a preponderance of reliable, probative, and substantial evidence to support the agency's decision. Univ. ofCincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111. An appellate court's scope of review in an administrative appeal is even more restrictive. This Court has previously articulated that:
 "this court has a limited function, which does not involve a determination as to the weight of the evidence." Rather, this court's scope of review is limited to whether the common pleas court abused its discretion. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court.
(Citations omitted.) Baire v. Bd. of Ed. of the William R. Burton Voc.Ctr. Schools (Apr. 12, 2000), Lorain App. No. 99CA007293, unreported.
A review of the trial court's entry clearly shows that the trial court weighed the evidence and substituted its judgment for that of the Board. For example, the court wrote: "The Court cannot see how the essential character of the surrounding neighborhood would be substantially altered by the addition of the house on the half-acre lot. Also, because of the location of the parcel, future development around it is highly unlikely." In reviewing the Board's denial of appellees' variance requests, the trial court's authority was limited to a determination of whether the Board's decision was supported by a preponderance of reliable, probative, and substantial evidence. Accordingly, this Court finds that the trial court abused its discretion in reversing the Board's decision to deny appellees' zoning variance requests.
 III.
The Board's sole assignment of error is sustained. The decision of the court of common pleas is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellees.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., BAIRD, J., CONCUR