JOURNAL ENTRY AND OPINION.
{¶ 1} This is an administrative appeal arising from a zoning dispute. The Planning Commission of the City of Shaker Heights (the "Planning Commission" or "Commission") approved an application submitted by intervenor-appellee, Southwick Investments, L.L.C. ("Southwick"), to resubdivide property located on Warwick Road from one single-family lot into two single-family lots ("Parcel 1"), an action commonly known as a "lot split." Southwick also filed a separate application with the Commission to rezone the property in question, along with several parcels of property located across the street, from single-family use to multi-family residential use and to resubdivide that property into seven lots ("Parcel 2"). Southwick proposed to build single-family attached townhouses on these properties.
 {¶ 2} Several neighboring residents ("appellants") expressed some resistance to the project planned by Southwick. Southwick then proposed an alternative project of single-family detached residences. The alternative proposal would require the property located on the west side of Warwick Road ("Parcel 2") to be resubdivided into seven single-family lots and the east side parcel ("Parcel 1") into two single-family lots. Additional applications were submitted to the Planning Commission regarding this proposal.
 {¶ 3} The Planning Commission considered both the original townhouse plan and the alternative single-family detached housing plan at a public meeting held on July 2, 2001. It determined that the requests for rezoning the properties in question were not ripe for a vote, but it did address the applications for resubdivision. The following motions were approved at the July 2, 2001 meeting:
 {¶ 4} "#1412 Southwick Investments — North Moreland, Warwick and South Park:
 {¶ 5} "Public hearing on the request of Rob Namy, representative, Southwick Investments, LLC, southeast corner of North Moreland Boulevard, Warwick Road and South Park Boulevard to the City Planning Commission for a resubdivision of land. The applicant proposes to split the three existing lots (PPN 731-04-001, 731-04-002, 731-04-003) into 7 lots. The property is located at the southeast corner of the North Moreland and South Park Boulevards and runs through to the corner of Warwick Road. Four lots would front on South Park, two on North Moreland and one onto Warwick. The resulting 7 properties comply with area and frontage regulations for the SF-2 single-family residential zoning district.
 {¶ 6} "Approved only if one of the following conditions are not
met:
 {¶ 7} "1. Multi-family rezoning approved by the City Planning commission by August 30, 2001.
 {¶ 8} "2. Multi-family rezoning approved by City Council by November 30, 2001.
 {¶ 9} "3. Multi-family rezoning effective by December 31, 2001.
 {¶ 10} "4. No initiative is filed with the Cuyahoga County Board of Elections to challenge multi-family zoning on these lots."
 {¶ 11} "#1413 Southwick Investments — Warwick and South Park
 {¶ 12} "Public hearing at the request of Rob Namy, representative, Southwick Investments, LLC, southeast corner of Warwick Road and South Park Boulevard, to the City Planning Commission for a resubdivision of land. The applicant proposes to split the existing lot (PPN 731-05-001) into two properties. The property is located at the southeast corner of South Park Boulevard and Warwick Road. One lot would front on South Park and the other on Warwick. The resulting two properties comply with area and frontage regulations for the SF-2 single-family residential zoning district.
 {¶ 13} "Approved only if one of the following conditions are not
met:
 {¶ 14} "1. Multi-family rezoning approved by the City Planning Commission by August 30, 2001.
 {¶ 15} "2. Multi-family rezoning approved by City Council by November 30, 2001.
 {¶ 16} "3. Multi-family rezoning effective by December 31, 2001.
 {¶ 17} "4. No initiative is filed with the Cuyahoga County Board of Elections to challenge multi-family zoning on these lots.
 {¶ 18} "5. This approval is still effective even if this parcel is not rezoned to MF Multi-family but parcels 731-04-001, 002, 003 are rezoned to Multi-family."
 {¶ 19} The Planning Commission approved the minutes of the July 2, 2001 meeting at its meeting held on August 14, 2001 and subsequently recommended denial of rezoning for Parcel 1. Therein, the resubdivision of that parcel went into effect.[1] The Commission also decided to recommend denial of the Parcel 2 rezoning request to City Council. The Council formally denied that request on November 30, 2001.
 {¶ 20} Appellants filed an appeal of the decision to subdivide Parcel 1 with the Cuyahoga County Court of Common Pleas on December 26, 2001. The trial court's decision was issued on December 26, 2002, affirming the decision of the Planning Commission.
 {¶ 21} Appellants present four assignments of error for our review:
 {¶ 22} "I. The trial court erred when it failed to hold that a Municipality's Planning Commission cannot abrogate or delegate its duties and responsibilities by contract or agreement to properly subdivide a parcel of land, to do so would be tantamount to illegal contract zoning."
 {¶ 23} "II. The trial court erred when if (sic) failed to hold that a Municipality's Planning Commission must approve and properly subdivide a parcel of land based upon criteria established by the planning code, Cod. Ord. 1213.08(E), not pursuant to an agreement or contract with the applicant."
 {¶ 24} "III. The trial court erred when it failed to hold that a Municipality's Planning Commission can only approve and subdivide a parcel of land if the resulting lots are suitable building lots based on upon (sic) its location and expected use."
 {¶ 25} "IV. The trial court erred when it rendered a decision without deciding each assignment of error and giving its reasons in writing pursuant to Appellate Rule 12(A)(1)(C) made applicable by O.R.C.2505.03(B)."
 Standard of Review {¶ 26} Appellate courts are granted a narrow scope of review in cases subject to R.C. 2506, et seq. An appellate court must affirm the trial court's judgment unless the appellate court finds, as a matter of law, that the trial court's decision is not supported by a preponderance of reliable, probative and substantial evidence. Buck v. Bd. of Cty.Comm'rs (1998), Washington App. No. 98 CA 14, at 9; Burkholder v.Twinsburg Twp. Bd. of Zoning Appeals (1993), 122 Ohio App.3d 339.
 {¶ 27} This court recently considered the applicable standard inKsiezyk v. Cleveland, Cuyahoga App. 80895, 2002-Ohio-4439:
 {¶ 28} "The standard of review for the court of appeals in a zoning appeal was clearly set forth in Henley v. Youngstown Bd. of ZoningAppeals (2000), 90 Ohio St.3d 142. The court began by noting that, in construing the language of R.C. 2506.04, the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals are distinguishable. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03. The common pleas court then determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. Henley, citing to Smithv. Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 612, citingDudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202."
 {¶ 29} The standard of review to be applied by the court of appeals in a R.C. 2506.04 appeal is more limited in scope. Henley, citingKisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. The Ohio Supreme Court has held that the court of appeals is to review the judgment of the common pleas court only on questions of law. Henley, supra. This is not the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence" as is granted to the common pleas court. "While it is incumbent on the trial court to examine the evidence, such is not the charge of the appellate court. The fact that the court of appeals might arrive at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Lorain City School Dist. Bd.of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261.
 {¶ 30} In administrative appeals under R.C. 2506.04, the Ohio Supreme Court has held that "within the ambit of `questions of law' for appellate court review would be abuse of discretion by the common pleas court." Kisil, supra. Therefore, we examine the case sub judice as to whether, as a matter of law, the trial court's decision is supported by a preponderance of reliable, probative and substantial evidence.
 Subject Matter Jurisdiction {¶ 31} Appellees filed a motion to dismiss this appeal, which we deny herein. Similar motions had been filed in the trial court, which were also denied. Appellees allege that the appellants failed to timely commence their administrative appeal. As stated in Thrower v. City ofAkron Dept. of Health, Housing Appeals Bd.: "The issue of whether a court has jurisdiction over the subject matter is never waived, and a party may raise this issue at any stage of the proceedings. Civ.R. 12(H)(3); Foxv. Eaton Corp. (1976), 48 Ohio St.2d 236, 238, overruled on other grounds, Manning v. Ohio State Library Bd. (1991), 62 Ohio St.3d 24, ¶ 1 of the syllabus. Moreover, the court may raise the issue sua sponte. In re Graham, 147 Ohio App.3d 452, 2002-Ohio-2407; See, also, Civ.R. 12(H)(3)." Summit App. No. 21061, 2002-Ohio-5943, at 9.
 {¶ 32} In this case, appellants filed their appeal within 30 days of what they construed to be the "final appealable order" issued by Shaker Heights City Council regarding the rezoning request pertaining to the property in question. R.C. 2506.01 defines an order from which an appeal may be perfected as: "A `final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding." Although a previous order issued by the Planning Commission could have been construed such that the date of the final order was earlier than November 2001, appellants reasonably interpreted the rezoning ordinance issued as a result of the City Council meeting in November 2001 as the order from which a timely appeal to the court would follow.
 {¶ 33} While dismissal of a case is an extreme sanction, it is warranted if a party's conduct is sufficiently negligent, irresponsible, contumacious, or dilatory. Ina v. George Fraam Sons, Inc. (1993),85 Ohio App.3d 229, 231, 619 N.E.2d 501, quoting Schreiner v. Karson
(1977), 52 Ohio App.2d 219, 222-23, 369 N.E.2d 800. We find no such infractions on the part of the appellants. Therefore, we find the within appeal to be timely and the motion to dismiss for lack of jurisdiction is denied.
 Assignments of Error {¶ 34} Appellants' first three assignments of error relate to the standard of review employed by this court; therefore, they will be addressed together.
 {¶ 35} The property subdivision in question is governed by Shaker Heights Codified Ordinance 1213.08, entitled "Subdivision Review." The ordinance outlines the procedures an applicant must undertake to request subdivision of property. It includes requirements for the purposes for which a resubdivision request may be made, as well as mandates that at least one public hearing must be held with proper notice to neighbors and legal notice to the community.
 {¶ 36} Shaker Heights Codified Ordinance 1213.08(e) sets forth standards by which the Planning Commission must review a potential subdivision, including, but not limited to: ease of access; minimum and maximum lot widths; topography; lot standards which would be appropriate to location and expected use; appropriate setbacks, and potential landscape buffers. All subdivided lots must conform to the requirements of the zoning ordinance.
 {¶ 37} Appellants allege that the city has engaged in "contract zoning," which is defined as a transfer by a private contractor to a municipality of a substantial, material benefit in return for the approval of a zoning application. City of Springfield ex rel. Burton v.City of Springfield, et al. (2000), Clark App. No. 00 CA 14. Further, a city is prohibited by the Ohio Constitution from raising money for or loaning its credit to or in aid of a private corporation for the financing of a residential subdivision development project. C.I.V.I.C.Group v. City of Warren (2000), 88 Ohio St.3d 37.
 {¶ 38} There is no evidence that either of these situations existed with respect to the Southwick application for subdivision. It appears from the record presented that the application for subdivision met the requirements of the applicable Shaker Heights zoning ordinances and that all the necessary notice and public hearing requirements were met with respect to the July 2, 2001 meeting of the Planning Commission; indeed, the minutes of said meeting reflected a spirited debate between residents and the Commission members. That the Commission made its determination conditioned upon the occurrence or non-occurrence of certain events (i.e., the rezoning application being approved) does not amount to "contract zoning" or foul play. We find no error of law in the trial court's finding that there existed a preponderance of reliable, probative and substantial evidence to support the Commission's actions; therefore, appellant's first three assignments of error are overruled.
 {¶ 39} Appellants argue in their fourth assignment of error that the trial court was bound to address each of the assignments of error set forth in their administrative appeal brief filed on October 21, 2002. We disagree. App.R. 12(A)(1)(c) states that "a court of appeals shall * * * decide each assignment of error and give reasons in writing for its decision."
 {¶ 40} In the instant case, the trial court's journal entry reflects that it reviewed the entire record, including the briefs of all parties, and found that there "exists a preponderance of reliable, probative, and substantial evidence to support the commission's decision, [and] nothing in the entire record * * * would indicate that the commission's decision [was] unconstitutional, arbitrary, unreasonable, or illegal." The trial court thus applied the proper standard of review, as discussed above, and it is evident that each of the errors raised by appellants were reviewed.
 {¶ 41} Moreover, appellants' three "assignments of error," as presented to the trial court, all essentially address whether the Commission's decision comported with the applicable zoning ordinance and was supported by a preponderance of reliable, probative and substantial evidence; the trial court decided that it was, and the court did not abuse its discretion in failing to issue a separate decision as to each "assignment of error" presented by the appellants. Appellants' fourth assignment of error is therefore overruled.
Judgment affirmed.
ANTHONY O. CALABRESE, JR., J., concurs.
COLLEEN CONWAY COONEY, J., concurs in judgment only.
[1] Parcel 2, which concerned the seven potential lots on the west side of Warwick Road, was ultimately rezoned and is not at issue in this appeal.