DECISION
{¶ 1} Plaintiffs-appellants Ohio Valley Orthopaedics and Sports Medicine, Inc., ("Ohio Valley") and the owners of certain real property appeal the trial court's judgment affirming defendant-appellee Board of Trustees of Sycamore Township's decision denying their application for a major modification of a planned unit development ("PUD"). For the following reasons, we reverse the judgment of the trial court.
 {¶ 2} Ohio Valley is the prospective buyer of three parcels of property ("the property") at the corner of Montgomery and Kugler Mill Roads in Sycamore Township. The property is part of a PUD created by Hamilton County in 1991. The PUD rezoned the property from single-family-residential use to an "OO" Planned Office District, which allowed for low-intensity office use. A low-intensity office use occurred when the impervious surface-to-land ratio was .60 or less. The PUD permitted a 6,624-square-foot building to be erected on the property. But Ohio Valley proposed to tear down the deteriorating single-family homes on the property and to build an 18,564-square-foot medical facility. One-half of the building would house Ohio Valley's operations and the other half of the building would be leased to commercial tenants. The record demonstrates that the proposed building's impervious surface-to-land ratio was .60, low-intensity office use.
 {¶ 3} Ohio Valley and the owners of the property sought a modification of the PUD so that they could build a larger office building. The Sycamore Township Zoning Commission held a public hearing on the matter, taking testimony on behalf of Ohio Valley from builders, land planners, architects and a real estate agent. There was community opposition to the proposed building because of concerns over increased traffic. The zoning commission recommended to the Sycamore Township Board of Trustees ("the Board") that the request for a modification be denied. The Board, after holding another hearing, denied the modification request. The case was then appealed to the court of common pleas.
 {¶ 4} In its decision, the trial court stated that Ohio Valley had presented "a powerful case that the best use of these three properties is [their] proposed development," and that the court did not feel bound by the current zoning restrictions under the PUD because they were "indefensible from a legal standpoint." Nevertheless, the court affirmed the Board's denial of the modification because the proposed building was "larger than [Ohio Valley] needed for their business and as such they intend to rent the space to presently unknown tenants with equally unknown traffic flows."
 {¶ 5} In this appeal, Ohio Valley brings forth a single assignment of error. In that assignment, it argues that the trial court erred by denying the proposed modification for reasons that were illegal.
 {¶ 6} This appeal is governed by R.C. 2506.04, which provides that a common pleas court, after weighing the evidence, may only reverse the decision of an administrative body if the court finds that the decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."[1] But an appeal to this court, pursuant to R.C. 2506.04, is more limited in scope and requires that we affirm the trial court unless we determine, as a matter of law, that the decision of the trial court is not supported by a preponderance of reliable, probative and substantial evidence.[2]
 {¶ 7} The record demonstrates that the trial court based its decision on the fact that there were going to be future unknown tenants in the proposed office building, and that this in turn would likely increase traffic hazards. Although the Board argues that the trial court based its decision on the determination that the proposed office building was too large for the site and would not blend into the surrounding area, we are unpersuaded. The court stated in its decision that "if it were only for [Ohio Valley's] business use, I would have rejected the findings of [the Board]." We read this as meaning that if Ohio Valley were to occupy the entire building, then the trial court would have reversed the Board's decision. In reaching our conclusion, we note that the court also stated that Ohio Valley's proposal was "straightforward and well thought out," and that it did not feel bound by the current zoning restrictions (the size limit) because "they were indefensible from a legal standpoint."
 {¶ 8} Limiting our review to a question of law, we hold that the trial court relied on impermissible factors (unknown tenants and unknown traffic flows) to affirm the Board's denial of the modification request. Accordingly, there was not a preponderance of reliable, substantial and probative evidence to support its decision.
 {¶ 9} The PUD, a zoning ordinance, did not prohibit the owners of property from renting office space to particular tenants. To read the ordinance otherwise would have prohibited the current individual owners from erecting complying office buildings for the purpose of attracting tenants. Township zoning laws regulate the "types of uses to which structures and property may be put," not the identity of the user.[3]
 {¶ 10} With respect to the traffic concerns, we note that this is a secondary consideration when determining whether the particular use of property is proper. The Ohio Supreme Court has stated that if a proposed use of land "is otherwise lawful and proper, the public authorities must find some manner of dealing with the traffic hazards * * * other than by curtailing the use of the [subject property]."[4] In the Board's appellate brief, it agrees that concerns about traffic hazards cannot be the sole reason to deny an owner the proper use of its property. Here, Ohio Valley's proposed use of the property complied with "OO" Planned District Office use — the proposed 18,000-square-foot building met the definition of low-intensity office use. Accordingly, any increase in traffic was not a sufficient reason to deny Ohio Valley's modification request.
 {¶ 11} The trial court relied on improper factors to uphold the Board's decision. Instead, the court should have determined "whether [the Sycamore township zoning] ordinance, in proscribing a land owner's proposed use of his land, bears a reasonable relationship to the public health, safety, welfare or morals." The record reflects that the court was not persuaded that Ohio Valley's proposal was contrary to the public health, safety, welfare, or morals. The court specifically stated that it did not feel bound by the size restrictions in the PUD and found that Ohio Valley's proposal was the best use of the property. The proposed office building met the low-intensity-office-use requirement, as well as all additional setback, lighting and landscape criteria. The proposed plan also addressed aesthetic and transitional concerns. The proposed building was to be a two-story façade facing Montgomery Road and a one-story façade facing Kugler Mill, in order to ease transition into the residential area that extended up that road. And to further blend into the surrounding area, the proposed building was to be brick and have a pitched roof.
 {¶ 12} Because Ohio Valley's proposed use of the property complied with the existing "OO" Planned Office District, and because the trial court found that Ohio Valley's proposal was the best use for the property, the court's decision affirming the denial of the application for a modification was not supported by a preponderance of the evidence. It was improper for the trial court to rely on unknown tenants and unknown traffic flows to affirm the Board's denial of the modification request, when the proposal was otherwise the "best use" of the property. Accordingly, we sustain the single assignment of error.
 {¶ 13} Based on our review of the record, it is apparent that the request for a modification to increase the square footage of the building would not be contrary to the public's health, safety, welfare, or morals. Accordingly, we reverse the judgment of the trial court and remand this case with instructions to enter judgment reversing the Board's order denying the request for a modification.
Judgment reversed and cause remanded.
Winkler, P.J., Hildebrandt and Painter, JJ.
[1] See Dudukovich v. Lorain Metro. Hous. Auth. (1979),58 Ohio St.2d 202, 206-207, 389 N.E.2d 1113.
[2] Henley v. Youngstown, 90 Ohio St.3d 142, 148,2000-Ohio-493, 735 N.E.2d 433, citing Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34, 465 N.E.2d 848; Siwik v. Shaker Heights,
8th Dist. No. 82390, 2003-Ohio-5502, at ¶ 30.
[3] Bd. of Twp. Trustees of Bainbridge Twp. v. Funtime
(1990), 55 Ohio St.3d 106, 108, 563 N.E.2d 717.
[4] State ex rel. Killeen Realty Co. v. East Cleveland
(1959), 169 Ohio St. 375, 386, 160 N.E.2d 1; Elbert v. BexleyPlanning Comm. (1995), 108 Ohio App.3d 59, 76, 670 N.E.2d 245.