[Cite as *Shearer v. Millcreek Twp.*, 2009-Ohio-3820.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

CRAIG SCHEARER,

    PLAINTIFF-APPELLANT,           CASE NO.  14-09-13

    v.

MILLCREEK TOWNSHIP, ET AL.,        O P I N I O N

    DEFENDANTS-APPELLEES.

---

**Appeal from Union County Common Pleas Court**
**Trial Court No. 2008-CV-0414**

**Judgment Affirmed**

**Date of Decision:    August 3, 2009**

---

**APPEARANCES:**

    *Jeffrey D. Mackey* **for Appellant**

    *Rick Rodger* **for Appellees**

**SHAW, J.**

{¶1} Appellant Craig Shearer ("Craig") appeals the April 3, 2009 decision of the Court of Common Pleas, Union County, Ohio affirming the decision of the Millcreek Township Board of Zoning Appeals ("Millcreek Township BZA").

{¶2} This matter stems from the operation of Shearer Landscaping at 14136 Smart Cole Road, Ostrander, OH 43061 in Millcreek Township. This property is zoned U-1 Farm/Residential. Prior to the purchase of the property located at 14136 Smart Cole Road, Craig contacted the zoning inspector for Millcreek Township to inquire whether he could legally operate his business on the property. Millcreek Zoning Inspector, Steve Hall ("Hall") informed Craig that his landscaping business qualified as an agricultural use. Craig purchased the property in late 2006 and began operating Shearer Landscaping on the property.

{¶3} In March 2007, Hall issued a notice stating that the Shearers did not require a permit to operate the business on the Smart Cole Road property. At some point, a complaint was received concerning the use of the Smart Cole Road property. It appears that after the complaint, Hall requested an advisory opinion from the Union County Prosecutor as to whether Craig was using the property within the scope of the U-1 zoning requirements. The Union County Prosecutor issued an opinion that the landscaping business did not constitute an agricultural use of the property under Ohio law.

{¶4} A zoning violation was issued to Craig after Hall received the opinion of the Union County Prosecutor. The zoning violation notice was appealed to the Millcreek Township Board of Zoning Appeals, and a hearing was held on July 9, 2008.

{¶5} At the hearing, Hall testified that nothing on the Smart Cole Road property indicated that a business was being run there. Unmarked trucks and lawnmowers were parked on the property, but there was no advertising or signage indicating the presence of the landscaping business. According to Hall, some neighbors had complained about people coming and going from the property, but that was the only indication of the presence of a business.

{¶6} Craig testified that he did operate a commercial business at the Smart Cole Road property, specifically a landscaping business. He also testified that he did not operate a commercial nursery on the property and was not licensed to do so. Craig further testified that he did not grow items for his landscaping business on the property, but may hold items there for another use.

{¶7} On July 9, 2008 the Millcreek Township Board of Zoning Appeals issued a decision denying Craig's appeal of the Zoning Inspector's Notice of a Violation as follows:

> **The Millcreek Township BZA denies Mr. Shearer's appeal of Zoning Inspector's Notice of Violation, issued on May 7, 2008 to Mr. Craig Shearer on the basis of finding that Shearer Landscaping, operated by Mr. Shearer at 14136 Smart Cole**

**Road, Ostrander, OH 43061, is a service business, which is not an authorized use in a U1 district.**

{¶8} On August 8, 2008 Craig appealed the decision of the Millcreek Township Board of Zoning Appeals to the Union County Court of Common Pleas.

{¶9} On December 5, 2008 Craig filed their brief arguing that his use of the property is a permitted use in a district zoned U-1. Millcreek Township BZA filed its brief on December 19, 2008.

{¶10} On April 3, 2009 the trial court issued a judgment entry affirming the decision of the Millcreek Township BZA as supported by a preponderance of reliable, probative, and substantial evidence.

{¶11} Craig now appeals, asserting two assignments of error.

<u>ASSIGNMENT OF ERROR I</u>

**THE TRIAL COURT WAS INCORRECT IN AFFIRMING THE DECISION OF THE BOARD OF ZONING APPEALS IN THAT THE APPELLANT'S USE WAS PROPER UNDER THE U-1 FARM/RESIDENTIAL ZONING CATEGORY.**

<u>ASSIGNMENT OF ERROR II</u>

**THE TRIAL COURT WAS INCORRECT IN AFFIRMING THE DECISION OF THE BOARD OF ZONING APPEALS WHEN IT FOUND THAT THE APPELLANT'S USE WAS IMPROPER BECAUSE APPELLANT WAS OPERATING A "SERVICE BUSINESS."**

{¶12} For ease of discussion, we elect to address Craig's assignments of error together. As an initial matter, we note that when reviewing the judgment of

the board of zoning appeals, the common pleas court considers the whole record, including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Briggs v. Dinsmore Twp. Bd. of Zoning Appeals* (2005), 161 Ohio App.3d 704, 707, 831 N.E.2d 1063, see also *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433.

{¶13} Alternatively, this Court has concluded that "[t]he standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is 'more limited in scope.'" *Briggs,* 161 Ohio App.3d at 707 citing *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848.

> **This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.**

*Briggs,* 161 Ohio App.3d at 707-708. Furthermore, this Court has recognized that administrative appeals under R.C. 2506.04 are reviewed under an abuse of

discretion standard. *Id.* An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶14}** The Millcreek Township Zoning Code Section 6110 provides for the permitted uses of property zoned as U-1 Farm/Residential. In pertinent part, Section 6110(A)(iii) provides for the following uses:

**a. Agricultural uses as defined by the Ohio Revised Code**

**iii. Wholesale and retail nurseries**

**{¶15}** Revised Code 519.01 defines Agriculture as follows:

**As used in section 519.02 to 519.25 of the Revised Code, "agriculture" includes farming; ranching; aquaculture; apiculture; horticulture; viticulture; animal husbandry, including, but not limited to, the care and raising of livestock, equine, and fur-bearing animals; poultry husbandry and the production of poultry and poultry products; dairy production; the production of field crops, tobacco, fruits, vegetables, nursery stock, ornamental shrubs, ornamental trees, flowers, sod, or mushrooms; timber; pasturage; any combination of the foregoing; the processing, drying, storage, and marketing of agricultural products when those activities are conducted in conjunction with, but are secondary to, such husbandry or production.**

**{¶16}** Specifically, Craig argues that the trial court erred in determining that their use of the property was improper given that the property was zoned U-1. "Zoning involves the regulation of land according to its nature and uses. A "use" is an activity permitted by the zoning classification applicable to the district in

which the land is situated." *Young v. Board of Zoning Appeals* (February 4, 2000), 2[nd] Dist. No. 17877. "Whether a particular use exists depends on the nature and purpose of the activity involved. That must be determined from the whole of the activity concerned, not merely with reference to one of its constituent parts." *Id.*

{¶17} Craig testified that he owned a landscaping business and that he kept the equipment used in the landscaping business at the Smart Cole Road property. Moreover, Craig testified that his landscaping crew would meet at the Smart Cole Road property in the mornings to gather the necessary equipment before heading to a job site. There appears to be no dispute in the record before us that Craig used the property to run a landscaping business.

{¶18} Ohio courts have consistently held that a landscaping business does not fall within the meaning of agriculture as defined by R.C. 519.01. See *State ex rel. Fox v. Orwig* (Sept. 15, 1995), 11th Dist. No. 94-T-5100; *Ghindia v. Buckeye Land Dev., LLC.*, 11th Dist. No. 2006-T-0084, 2007-Ohio-779; *Petitti v. Plain Tp. Bd. Of Zoning Appeals*, 5th Dist. No. 2003CA00179, 2003-Ohio-6849.

{¶19} Based upon our review of the record, we find the trial court's decision that Craig's landscaping business is not an agricultural use does not constitute an abuse of discretion. Other courts have reached the same conclusion. Moreover, we find that the Millcreek Township BZA's conclusion that Craig was running a "service business" to be of no consequence, where the Court of

Common Pleas correctly determined that Craig's landscaping business was a prohibited use in an agricultural zone. Accordingly, Craig's first and second assignments of error are overruled.

{¶20} Based on the foregoing, the April 3, 2009 decision of the Court of Common Pleas, Union County, Ohio affirming the decision of the Millcreek Township Board of Zoning Appeals is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**