[Cite as *Brenneman v. Allen Cty. Bd. of Commrs.*, 196 Ohio App.3d 60, 2011-Ohio-4032.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### ALLEN COUNTY

BRENNEMAN ET AL.,

     APPELLANTS,                    CASE NO. 1-11-03

     v.

ALLEN COUNTY BOARD OF
COMMISSIONERS,                      O P I N I O N

     APPELLEE.

Appeal from Allen County Common Pleas Court
Trial Court No. CV 2009 0715

Judgment Reversed and Cause Remanded

Date of Decision: August 15, 2011

APPEARANCES:

     Michael A. Rumer and Victoria Maisch Rumer. for appellants.

     Gregory M. Antalis, for appellee.

**SHAW, Judge.**

{¶ 1} Appellants, Stanley and Kim Brenneman, appeal the December 20, 2010 judgment of the Common Pleas Court of Allen County, Ohio, affirming the decision of appellee, the Allen County Board of Commissioners, and dismissing their appeal.

{¶ 2} On March 18, 2009, the Allen Soil and Water Conservation District held an informational meeting for a proposed drainage project known as the Nicholas Wrasman Group #1268 Project ("the Wrasman project") located in Marion Township, Allen County. After this meeting, the Soil and Water Conservation District determined that the Wrasman project was necessary and conducive to the public welfare, and it requested approval for the project from the board as required by R.C. 1515.19. On April 22, 2009, the board concurred with the recommendation of the Soil and Water Conservation District and approved the project.

{¶ 3} Thereafter, the property owners affected by the Wrasman project were provided notice, pursuant to R.C. 1515.24(D)(1), of their estimated assessments and informed that if they had concerns about the proposed project, they could write a letter of objection within 30 days to the board. Several landowners, including the Brennemans, filed letters with the board to express their concerns about the Wrasman project. These concerns largely involved the estimated assessments and the cost of the project.

{¶ 4} In accordance with R.C. 1515.24(D)(2), the board conducted a final hearing on the objections on June 25, 2009. At the conclusion of the hearing, the board once again approved the Wrasman project and established a schedule for the collection of assessments. On July 1, 2009, the board made a number of adjustments to the assessment schedule in recognition of four parcels of property that had been improperly assessed, which resulted in increased assessments to the other parcels of land affected by the Wrasman project.

{¶ 5} On July 16, 2009, the Brennemans, pro se, filed a notice of appeal in the Allen County Common Pleas Court, asserting that the board had accepted the improvements to the Wrasman project on July 1, 2009, but had not equitably treated the landowners of the Wrasman project and had not acted in accordance with law. The Brennemans subsequently obtained counsel in October 2009 and amended their notice of appeal.[1] In their amended notice of appeal, the Brennemans specifically challenged both the decision to accept the Wrasman project and the assessments levied against the property owners affected by the Wrasman project.

{¶ 6} On January 22, 2010, the board filed a motion to dismiss the Brennemans' appeal for failure to perfect the appeal as required by law because the Brennemans had not posted the necessary bond. Thereafter, the common pleas court filed an order that provided a date by which the Brennemans were to respond

---

[1] This amendment notes that the common pleas court granted the Brennemans leave to amend at an October 16, 2009 pretrial. The record does not contain any entry granting this leave, but the board has not disputed that the leave was granted by the court.

to this motion. The records from the board concerning the Wrasman project were filed in the action on January 26, 2010. These records contained an audio recording of the public hearing concerning the Wrasman project on June 25, 2009, nine letters from various landowners concerning this project, the board resolutions from April 22, June 25, and July 1, 2009, a request from the Brennemans' counsel for these records, and an e-mail from Dan Ellerbrock to Bruce Wells regarding the Wrasman project and the estimated costs.[2]

{¶ 7} The Brennemans filed a response to the board's motion to dismiss on February 1, 2010. They asserted that their appeal was made pursuant to R.C. 1515.24, which involves improvements initiated by the county soil and water conservation district. The Brennemans further asserted that R.C. 1515.01 et seq. did not require an appeal bond for appeals arising under this chapter of the Revised Code. Thus, they maintained that because the Wrasman project was initiated by the county soil and water conservation district, they did not need to post an appeal bond. On February 16, 2010, after the board filed its reply to the Brennemans, the common pleas court overruled the board's motion to dismiss.

{¶ 8} On July 15, 2010, the common pleas court filed another pretrial order. In this order, the court stated: "This case involves the interpretation of O.R.C. 1515.24(D) and the manner in which it provides for objections to assessments. Specifically: Does it mean that an individual can object only to

---

[2] This record also contained a notice of a pretrial that was scheduled for October 16, 2009.

his/her individual assessment? Or can an individual object to the total assessment?" The court then stated, "Based upon the above, and the issues in CV2010 0164, the August 19, 2010 Trial is vacated and this matter is continued until a decision is rendered in CV2010 0164." Five months later, on December 20, 2010, the court found as follows:

> The Court in a related matter, CV 2010 0164, filed an order affirming the decision of Appellee Allen County Board of Commissioners and thereby dismissing Appellant Stan Brenneman's appeal. (Doc. # 13 in CV 2010 0164).
> For purposes of the present matter, this Court now adopts the Order from the related matter and attaches the same as "Exhibit A." As such, the Court hereby AFFIRMS the decision from the board below and DISMISSES Appellant's Notice of Appeal in CV 2009 0715.

This appeal followed, and the Brennemans now assert three assignments of error for our review.

## ASSIGNMENT OF ERROR I

> The trial court erred, abused its discretion, and denied appellants due process of law when the trial court failed to conduct a hearing pursuant to R.C. 2506.03 on the administrative appeal.

## ASSIGNMENT OF ERROR II

> The trial court erred when it utilized the administrative record from an unrelated second case to decide the instant case.

## ASSIGNMENT OF ERROR III

> The trial court erred when it failed to determine the administrative order appealed from was based upon substantial, reliable and probative evidence after a consideration of the entire record as required by R.C. 2506.04.

{¶ 9} For ease of discussion, we elect to address these three assignments of error together. The Revised Code provides that property owners "whose objections [are] not allowed may appeal within thirty days to the court of common pleas." R.C. 1515.24(D)(3). Further, R.C. 2506.01(A) states that "every final order, adjudication, or decision of any * * * board * * * of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located."

{¶ 10} The Revised Code also provides that an appeal to the court of common pleas "shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless" one of five enumerated factors exists. R.C. 2506.03(A)(1 through 5). If at least one of the five enumerated factors exists, the common pleas court must consider the appeal "upon the transcript and additional evidence as may be introduced by any party." R.C. 2506.03(B).

{¶ 11} When reviewing the judgment of a board, the common pleas court is to consider the "'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determine whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433.

**{¶ 12}** In contrast, "[t]he standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is '*more limited* in scope.'" (Emphasis sic.) Id., quoting *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848.

> This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.

*Henley*, 90 Ohio St.3d at 147, quoting *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264. Furthermore, this court has recognized that administrative appeals under R.C. 2506.04 are reviewed under an abuse-of-discretion standard. *Briggs v. Dinsmore Twp. Bd. of Zoning Appeals*, 161 Ohio App.3d 704, 2005-Ohio-3077, 831 N.E.2d 1063, at ¶ 7. "Abuse of discretion" implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶ 13}** In this case, the court of common pleas did not find that the board's resolution of July 1, 2009, was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence, nor did it find that the converse was true. Rather, the court

dismissed the appeal based upon its September 21, 2010 judgment in another case: *Brenneman v. Allen Cty. Bd. of Commrs.,* Allen C. P. Case No. CV 2010 0164. According to the judgment entry in CV 2010 0164, this matter concerned the construction of the Brenneman-Peters project #1273 ("the Brenneman-Peters project"), which was approved by the board on August 26, 2009. This project was also an Allen Soil and Water Conservation District proposal. After the Brenneman-Peters project was approved, the board sent letters of estimated assessments to affected landowners on November 19, 2009, and received a number of letters of objection in return. An objection hearing was held, and as a result, the board passed a new resolution rejecting the construction of the Brenneman-Peters project. This action by the board was appealed to the court of common pleas in case No. CV 2010 0164. The court found that the board was permitted to pass a new resolution, rejecting a previously approved project, and that its decision to do so was supported by a substantial weight of the evidence.

{¶ 14} The court's decision in case No. CV 2010 0164 reveals nothing beyond the caption of the case, which merely shows that the same parties were involved, to demonstrate that it is in any way related to the case sub judice. Moreover, the issues in that case were whether the board could reject a previously approved project and whether its decision to reject the Brenneman-Peters project was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole

-8-

record. The issues in the present case involved the acceptance of the Wrasman project and the assessments objected to by the Brennemans on the Wrasman project. On the status of the record before this court, we cannot even discern whether these projects involved the same activity or the same land. Conceivably, the Brennemans could own multiple properties in different areas of Allen County and the two projects at issue could also be in different areas of Allen County. Thus, how one relates to the other and how the result of one is outcome determinative of the other are not ascertainable from the record.

{¶ 15} As noted, our review is limited to determining whether the court of common pleas acted in an unreasonable, arbitrary, or unconscionable manner. By failing to indicate in any way the connection between the two cases and without explaining its decision in the present case, the common pleas court's decision to dismiss the case sub judice based upon the outcome in case No. CV 2010 0164 was both unreasonable and arbitrary.

{¶ 16} Furthermore, while there is nothing in its entry to indicate that the common pleas court considered the transcript that was filed in the current case, the court's entry does note that it reviewed the transcript that was filed in case No. CV 2010 0164. However, as previously noted, R.C. 2506.03(A) mandates that a common pleas court consider only the evidence contained in the transcript of the hearings below unless on the face of the transcript or by an affidavit filed in the matter that one of five enumerated factors exists. When one of those five factors

exists, the court is then permitted to consider the transcript of the hearings below and "additional evidence as may be introduced by any party." R.C. 2506.03(B).

{¶ 17} None of the parties in this case introduced any additional evidence. In fact, the record does not indicate that the parties were even aware that additional evidence could be introduced by them. Instead, the record contains the July 15, 2010 pretrial order, continuing the trial of this appeal until case No. CV 2010 0164 was decided. The next filing in this appeal occurred on December 10, 2010, wherein the court dismissed this appeal based on its decision in case No. CV 2010 0164. There is no filing that shows that the parties were notified that this case was no longer continued, that the court was not going to conduct a hearing as it had previously indicated it would, or that additional evidence would be accepted and/or considered by the court because one of the five factors was present. Therefore, the common pleas court should not have considered the evidence in case No. CV 2010 0164 in deciding to dismiss the current case. While a common pleas court is not obligated to hear evidence beyond the transcript, we find that by considering evidence that the court is expressly prohibited from considering, and particularly in light of the fact that the parties were not permitted to address this evidence or to present their own additional evidence, the common pleas court abused its discretion when it dismissed the Brennemans' appeal.

{¶ 18} For all of these reasons, the assignments of error are sustained and the judgment of the Common Pleas Court of Allen County is reversed on the basis

that the common pleas court dismissed the Brennemans' appeal based upon improperly considered evidence from another case that seemingly had nothing to do with the Wrasman project and issued its judgment using the rationale of this other case that did not raise the same issues as the present matter. Accordingly, this cause is remanded to the Allen County Common Pleas Court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

ROGERS, P.J., and WILLAMOWSKI, J., concur.