[Cite as *Brenneman Bros. v. Allen Cty. Commrs.*, 2013-Ohio-4635.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

BRENNEMAN BROTHERS, ET AL.,

    PLAINTIFFS-APPELLANTS,           CASE NO. 1-13-14

    v.

ALLEN COUNTY COMMISSIONERS,        O P I N I O N

    DEFENDANTS-APPELLEES.

**Appeal from Allen County Common Pleas Court**
**Trial Court No. CV 2012 0432**

**Judgment Reversed and Cause Remanded**

**Date of Decision:    October 21, 2013**

APPEARANCES:

    *Michael A. Rumer and Zachary D. Maisch* **for Appellants**

    *Gregory M. Antalis* **for Appellees**

**PRESTON, P.J.**

{¶1} Appellants, Brenneman Brothers, Stanley G. Brenneman, and Kim C. Brenneman ("the Brennemans"),[1] appeal the February 12, 2013 judgment entry of the Allen County Court of Common Pleas denying the Brennemans' appeal from Resolution #421-12 of Appellees, Allen County Commissioners ("the Board"), disallowing the Brennemans' objections to the estimated assessments for a ditch-improvement project known as the Wrasman Project #1268 ("the Wrasman project"). For the reasons that follow, we reverse.

{¶2} In an earlier appeal concerning the Wrasman project, we discussed the following background:

On March 18, 2009, the Allen Soil and Water Conservation District held an informational meeting for a proposed drainage project known as [the Wrasman project] located in Marion Township, Allen County. After this meeting, the Soil and Water Conservation District determined that the Wrasman project was necessary and conducive to the public welfare, and it requested approval for the project from the board as required by R.C. 1515.19.

---

[1] The Brennemans' notice of appeal fails to "specify the party or parties taking the appeal," as required by App.R. 3(D). Instead, the notice of appeal refers generally to "Appellants," and "BRENNEMAN BROTHERS, et al." are named in the caption. (Doc. No. 39). Their civil appeal docketing statement, however, names all three—Brenneman Brothers, Stanley G. Brenneman, and Kim C. Brenneman—as appellants. Therefore, notwithstanding the Brennemans' failure to comply with App.R. 3(D), we will treat all three parties as appellants in this appeal.

On April 22, 2009, the board concurred with the recommendation of the Soil and Water Conservation District and approved the project.

Thereafter, the property owners affected by the Wrasman project were provided notice, pursuant to R.C. 1515.24(D)(1), of their estimated assessments and informed that if they had concerns about the proposed project, they could write a letter of objection within 30 days to the board. Several landowners, including the Brennemans, filed letters with the board to express their concerns about the Wrasman project. These concerns largely involved the estimated assessments and the cost of the project.

In accordance with R.C. 1515.24(D)(2), the board conducted a final hearing on the objections on June 25, 2009. At the conclusion of the hearing, the board once again approved the Wrasman project and established a schedule for the collection of assessments. On July 1, 2009, the board made a number of adjustments to the assessment schedule in recognition of four parcels of property that had been improperly assessed, which resulted in increased assessments to the other parcels of land affected by the Wrasman project.

*Brenneman v. Allen Cty. Bd. of Commrs.*, 196 Ohio App.3d 60, 2011-Ohio-4032, ¶ 2-4 (3d Dist.).

{¶3} Stanley and Kim Brenneman appealed to the Allen County Court of Common Pleas, challenging the Board's decision to accept the Wrasman project and the assessments levied against the property owners affected by the Wrasman project. *Id.* at ¶ 5. Based on evidence from another case before it, the Allen County Court of Common Pleas affirmed the Board's decision and dismissed the appeal. *Id.* at ¶ 8. Stanley and Kim Brenneman appealed to this Court, and we reversed the trial court's decision because it abused its discretion when it "improperly considered evidence from another case that seemingly had nothing to do with the Wrasman project and issued its judgment using the rationale of this other case that did not raise the same issues as the present matter." *Id.* at ¶ 18.

{¶4} On remand, the trial court vacated the Board's approval of the Wrasman project. (*See* Case No. CV 2012 0432, Doc. No. 7, Attachment No. 19, Ex. 3). On January 12, 2012, in an executive session meeting of the Board, two or three members of the Board met with Allen Soil and Water Conservation District ("Soil and Water") employees Dan Ellerbrock and Scott Langenkamp, along with the Board's counsel, Greg Antalis, the Board's clerk, Kelli Singhaus, Allen

County engineer Tim Piper, and Allen County drainage engineer Doug Degan.[2] (Dec. 13, 2012 Tr., Vol. 1, at 55, Ex. 9); (Jan. 18, 2013 Tr. at 54). According to Singhaus, the purpose of that meeting was to discuss the Wrasman project litigation. (Jan. 18, 2013 Tr. at 54-55). According to Langenkamp's entry in Soil and Water's diary of events, after some discussion, Ellerbrock suggested that Soil and Water resubmit the same Wrasman project to the Board. (Dec. 13, 2012 Tr., Vol. 1, at 55, Ex. 9).

{¶5} On February 8, 2012, after no parties appealed the trial court's decision vacating the Board's approval, Antalis sent a letter to Soil and Water requesting that it certify to the Board the Wrasman project "exactly the same as was previously approved by Soil and Water, with no distinguishing new characteristics which would require a new vote of Soil and Water to recommend sending the project to the [Board] for approval of construction." (Case No. CV 2012 0432, Doc. No. 7, Attachment No. 19, Ex. 3).

{¶6} In a letter to the Board dated February 15, 2012, Soil and Water once again approved the Wrasman project and certified it to the Board. (*Id.* at Attachment No. 20, Ex. 4). On March 22, 2012, Soil and Water submitted to the Board that letter, along with plans, specifications, cost estimates, a watershed area

---

[2] In addition to whether two or three members of the Board attended the January 12, 2012 executive-session meeting, the record contains inconsistent evidence concerning the presence of another individual, Nathan Davis, at the Board's January 12, 2012 executive-session meeting. (*Compare* Dec. 13, 2012 Tr., Vol. 1, at 55, Ex. 9, *with* Jan. 18, 2013 Tr. at 54).

benefited by the project, a preliminary report, and a schedule of damages. (Resolution #267-12, Case No. CV 2012 0432, Doc. No. 4, Attachment No. 1). By Resolution #267-12, dated April 26, 2012, the Board concurred with Soil and Water and approved the construction of the Wrasman project. (*Id.*).

{¶7} Also on April 26, 2012, the Board passed Resolution #268-12, in which it acknowledged receipt of a schedule of estimated assessments from Soil and Water and directed the clerk of the Board to, pursuant to R.C. 1515.24(D)(1), notify landowners of the estimated assessments for their respective properties. (Resolution #268-12, Case No. CV 2012 0432, Doc. No. 4, Attachment No. 2). Attached to Resolution #268-12 was the schedule of estimated assessments, which bore an April 23, 2012 printed date in the lower left-hand corner, as well as the Board's "RECEIVED" stamp dated March 22, 2012. (*Id.*). (*See also* Jan. 18, 2013 Tr. at 50-51).

{¶8} On May 3, 2012, the Board mailed the estimated-assessment notices to the landowners. (*See* Case No. CV 2012 0432, Doc. No. 4, Attachment Nos. 9-18); (Case No. CV 2012 0432, Doc. No. 7, Attachment Nos. 3-12). After the Brennemans received their notices, they filed separate objections for each parcel of real estate that they owned. (*Id.*); (*Id.*). On June 20, 2012, the Board scheduled a July 9, 2012 hearing, at which it would hear the Brennemans and other objectors. (*Id.* at Resolution #389-12, Attachment No. 21); (*Id.* at Resolution #389-12,

Attachment No. 13). The Board notified the objectors of the date, time, and location of the objection hearing. (*Id.* at Attachment No. 22); (*Id.* at Attachment No. 14).

{¶9} On July 9, 2012, the Brennemans appeared at the objection hearing and presented their arguments through counsel. (*See* Case No. CV 2012 0432, Doc. No. 7, Attachment Nos. 15, 16, 21). That same day, after the hearing, the Board issued Resolution #421-12, in which it disallowed all of the landowners' objections. (*Id.* at Attachment No. 21). The Brennemans filed a notice of appeal in the trial court on July 26, 2012, challenging Resolution #421-12. (Case No. CV 2012 0601, Doc. No. 1). That appeal was assigned case number CV 2012 0601. (*Id.*).

{¶10} Meanwhile, on May 29, 2012, the Brennemans challenged Resolution #267-12—in which the Board approved the construction of the Wrasman project—by filing a notice of appeal in the trial court. (Case No. CV 2012 0432, Doc. No. 1). That appeal was assigned case number CV 2012 0432. (*Id.*). On August 7, 2012, the trial court granted the Brennemans' motion to consolidate the two cases and merge case number CV 2012 0601 into case number CV 2012 0432. (Case No. CV 2012 0601, Doc. No. 4). After the trial court merged case number CV 2012 0601 into case number CV 2012 0432, the parties filed all documents in case number CV 2012 0432. (*See id.*).

{¶11} The Board filed the transcript related to Resolution #267-12 on June 26, 2012. (Case No. CV 2012 0432, Doc. No. 4). It filed the transcript related to Resolution #421-12 on August 15, 2012. (Case No. CV 2012 0432, Doc. No. 7).

{¶12} On September 21, 2012, the Brennemans moved the trial court to "permit additional evidence to be entered into the record * * * pursuant to R.C. 2506.03," arguing that the transcript filed in the trial court by the Board did not contain a report of all evidence admitted or proffered by the Brennemans and that the testimony adduced before the Board was not given under oath. (Case No. CV 2012 0432, Doc. No. 11). The Board opposed the Brennemans' motion, and the Brennemans filed a reply in support. (Case No. CV 2012 0432, Doc. Nos. 13, 16). The trial court granted the Brennemans' motion on October 23, 2012, finding well taken their argument that the transcript filed by the Board did not contain all of the evidence admitted or proffered. (Case No. CV 2012 0432, Doc. No. 18). The trial court scheduled an evidentiary hearing for December 13, 2012. (*Id.*).

{¶13} The day before the evidentiary hearing, the Board moved to dismiss the Brennemans' appeal of Resolution #267-12, case number CV 2012 0432, arguing that the trial court lacked subject-matter jurisdiction because Resolution #267-12 was a "purely legislative act." (Case No. CV 2012 0432, Doc. No. 30). At the evidentiary hearing, after counsel for the Brennemans indicated that they consented to the dismissal of case number CV 2012 0432, the trial court stated that

"the Motion to Dismiss will be granted." (Dec. 13, 2012 Tr., Vol. 1, at 4-5). The trial court's final judgment entry of February 12, 2013, as amended by a nunc pro tunc entry, dismissed case number CV 2012 0432.[3] (*See* Case No. CV 2012 0432, Doc. No. 37).

{¶14} The parties presented evidence at the evidentiary hearing, which the trial court held on December 13, 2012 and continued to January 18, 2013. (Dec. 13, 2012 Tr., Vol. 1, at 1); (Jan. 18, 2013 Tr. at 1). As permitted by the trial court, the Brennemans filed a merit brief on January 28, 2013, which supplemented their merit brief of September 25, 2012. (Case No. CV 2012 0432, Doc. Nos. 34, 12). The Board filed its merit brief on February 6, 2013. (Case No. CV 2012 0432, Doc. No. 35). The Brennemans filed their rebuttal brief on February 11, 2013. (Case No. CV 2012 0432, Doc. No. 36).

{¶15} The trial court issued its final judgment entry the next day, on February 12, 2013. (Case No. CV 2012 0432, Doc. No. 37). The trial court concluded that: (1) a preponderance of reliable, probative, and substantial evidence supported the Board's decision to rely on Soil and Water's cost estimate based on 2009 costs; (2) holding the objection hearing more than 30 days after the Board received the Brennemans' objections did not prejudice the Brennemans and

---

[3] Although the trial court dismissed case number CV 2012 0432, the trial court and the parties continued to file documents under that case number because the trial court had merged case number CV 2012 0601 into case number CV 2012 0432. (*See* Case No. CV 2012 0601, Doc. No. 4).

did not void the Board's adoption of the Wrasman project; (3) the trial court did not have jurisdiction, in the context of an administrative appeal, to consider the Brennemans' argument that the Board violated Ohio's Open Meetings Act, R.C. 121.22; (4) the apparent backdating of the schedule of estimated assessments did not invalidate Resolution #267-12; and (5) the Board's failure to adopt a final schedule of assessments was a nonissue because R.C. 1515.24(D) did not require them to do so. (*Id.*).

{¶16} The Brennemans appealed to this Court on March 13, 2013. (Case No. CV 2012 0432, Doc. No. 39). They raise three assignments of error for our review. Because it is dispositive of this appeal, we consider only the Brennemans' first assignment of error. The Board raises a cross-assignment of error in its brief, which we also consider.

### Assignment of Error No. I

**The trial court erred when it concluded it had no jurisdiction in a R.C. 2506.01 *et seq.* appeal to determine a [sic] violation of the Ohio Open Meetings Law can constitute an illegal act which warrants vacating all Board action subsequent to the violation.**

{¶17} In their first assignment of error, the Brennemans argue that the trial court erred when it concluded that it was without jurisdiction in an administrative appeal to consider their argument that the Board violated Ohio's Open Meetings Act. Specifically, the Brennemans argue that they were not seeking the remedies

available under the Open Meetings Act when they argued to the trial court that the Board violated it. Rather, they argue that R.C. 2506.04 allows a trial court to find that a political subdivision's adjudication was "illegal," among other things, and that the Board's alleged violation of the Open Meetings Act was an "illegal" act under R.C. 2506.04 on which the trial court could have relied to vacate "all subsequent resolutions and formal action taken by the Board regarding the Wrasman Project." (Appellant's Brief at 9).

{¶18} In our *Brenneman* decision of 2011, we explained the limited standard of review that we apply in appeals such as this one:

> The Revised Code provides that property owners "whose objections [are] not allowed may appeal within thirty days to the court of common pleas." R.C. 1515.24(D)(3). Further, R.C. 2506.01(A) states that "every final order, adjudication, or decision of any * * * board * * * of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located."
>
> The Revised Code also provides that an appeal to the court of common pleas "shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless" one of five enumerated factors exists.

R.C. 2506.03(A)(1 through 5). If at least one of the five enumerated factors exists, the common pleas court must consider the appeal "upon the transcript and additional evidence as may be introduced by any party." R.C. 2506.03(B).

When reviewing the judgment of a board, the common pleas court is to consider the "'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determine whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." [*Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147 (2000).]

In contrast, "[t]he standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is '*more limited* in scope.'" (Emphasis sic.) [*Id.*, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984).]

> This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the

preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.

[*Henley* at 147, quoting *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261 (1988).] Furthermore, this court has recognized that administrative appeals under R.C. 2506.04 are reviewed under an abuse-of-discretion standard. [*Briggs v. Dinsmore Twp. Bd. of Zoning Appeals*, 161 Ohio App.3d 704, 2005-Ohio-3077, ¶ 7 (3d Dist.).] "Abuse of discretion" implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. [*Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).]

*Brenneman*, 2011-Ohio-4032, at ¶ 9-12. *See also Armstead v. Lima City Bd. of Edn.*, 75 Ohio App.3d 841, 846 (3d Dist.1991) ("Within the ambit of 'questions of law' for appellate court review would be abuse of discretion by the common pleas court." (emphasis and internal quotation marks omitted)), quoting *Kisel*, 12 Ohio St.3d at 34, fn. 4.

{¶19} The issue presented by the Brennemans' first assignment of error is whether the trial court had jurisdiction—in the context of the Brennemans' administrative appeal—to consider whether Resolution #421-12 was invalid based on a violation of Ohio's Open Meetings Act, R.C. 121.22.[4] We conclude that it did.

{¶20} Our resolution of that issue involves interpretation of R.C. 121.22. "When analyzing a statute, our primary goal is to apply the legislative intent manifested in the words of the statute." *Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 2007-Ohio-4838, ¶ 12, citing *State ex rel. Herman v. Klopfleisch*, 72 Ohio St.3d 581, 584 (1995). "To discern legislative intent, we first consider the statutory language, reading the words and phrases in context, according to rules of grammar and common usage." *Armstrong v. John R. Jurgensen Co.*, 136 Ohio St.3d 58, 2013-Ohio-2237, ¶ 12, citing R.C. 1.42 (additional citations omitted).

---

[4] The General Assembly amended R.C. 121.22 in 2013 Am.Sub.H.B. 59, effective September 29, 2013. Although that bill did not amend the portions of R.C. 121.22 that are relevant to our analysis, our citations to R.C. 121.22 are to the previously effective version of R.C. 121.22.

"The court may not delete or insert words, but must give effect to the words the General Assembly has chosen." *Id.*, citing *Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 39-40 (2001). "Statutes that are plain and unambiguous must be applied as written without further interpretation." *Proctor* at ¶ 12, citing *Lake Hosp. Sys. v. Ohio Ins. Guar. Assn.*, 69 Ohio St.3d 521, 524 (1994).

{¶21} Subsection (H) of R.C. 121.22 provides that a public body's formal action is invalid if the public body did not adopt the formal action in an open meeting, or if the formal action that the public body adopted in an open meeting resulted from private deliberations:

> A resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) or (J) of this section and conducted at an executive session held in compliance with this section. A resolution, rule, or formal action adopted in an open meeting is invalid if the public body that adopted the resolution, rule, or formal action violated division (F) of this section.

R.C. 121.22(H).

**{¶22}** Subsection (I) sets forth who may bring an action to enforce the Open Meetings Act and the remedies available in courts of common pleas in the event of a violation:

(1)   Any person may bring an action to enforce this section.   An action under division (I)(1) of this section shall be brought within two years after the date of the alleged violation or threatened violation.   Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions.

(2)

(a)   If the court of common pleas issues an injunction pursuant to division (I)(1) of this section, the court shall order the public body that it enjoins to pay a civil forfeiture of five hundred dollars to the party that sought the injunction and shall award to that party all court costs and, subject to reduction as described in division (I)(2) of this section, reasonable attorney's fees.   The court, in its discretion, may reduce an award of attorney's fees to the party that sought the injunction or not award attorney's fees to that party if the court determines both of the following:

(i)    That, based on the ordinary application of statutory law and case law as it existed at the time of violation or threatened violation that was the basis of the injunction, a well-informed public body reasonably would believe that the public body was not violating or threatening to violate this section;

(ii)    That a well-informed public body reasonably would believe that the conduct or threatened conduct that was the basis of the injunction would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

(b)    If the court of common pleas does not issue an injunction pursuant to division (I)(1) of this section and the court determines at that time that the bringing of the action was frivolous conduct, as defined in division (A) of section 2323.51 of the Revised Code, the court shall award to the public body all court costs and reasonable attorney's fees, as determined by the court.

(3)    Irreparable harm and prejudice to the party that sought the injunction shall be conclusively and irrebuttably presumed upon proof of a violation or threatened violation of this section.

(4)    A member of a public body who knowingly violates an injunction issued pursuant to division (I)(1) of this section may be

removed from office by an action brought in the court of common pleas for that purpose by the prosecuting attorney or the attorney general.

R.C. 121.22(I).

{¶23} The Board argues that the trial court did not have subject-matter jurisdiction to decide whether the Board's adoption of Resolution #421-12, disallowing the Brennemans' objections, violated R.C. 121.22. Specifically, the Board argues that the question of whether a public body violated R.C. 121.22 may be considered only in an original action initiated in common pleas court, and that because the trial court in this case sat as an appellate body in an administrative appeal, it was unable to consider whether the Board violated R.C. 121.22.

{¶24} The Board cites cases from the Ohio Court of Appeals for the Fourth and Eleventh Districts in support of its position that R.C. 121.22 violations may be considered only in actions initiated in courts of common pleas. In the most recent case—*Stainfield v. Jefferson Emergency Rescue District*—an ousted executive director of the Jefferson Emergency Rescue District appealed to the Ashtabula County Court of Common Pleas the Emergency Rescue District's decision to remove her from the position. 11th Dist. Ashtabula No. 2009-A-0044, 2010-Ohio-2282, ¶ 1. In one of her assignments of error, the ousted executive director, Stainfield, argued that the Emergency Rescue District violated the Open Meetings

Act. *Id.* at ¶ 30. Although it analyzed whether the public body adhered to the proper executive-session procedure under R.C. 121.22(G), the Eleventh District concluded that Stainfield's assignment of error was without merit because she did "not properly challenge[ ] the violation in the manner prescribed by statute." *Id.* at ¶ 36. Citing the Fourth District's opinion in *Fahl v. Athens*, the Eleventh District observed that Stainfield "filed an administrative appeal pursuant to R.C. 505.72" and did not initiate an original action in the court of common pleas under R.C. 121.22(I). *Id.* at ¶ 39-40, citing *Fahl v. Athens*, 4th Dist. Athens No. 06CA23, 2007-Ohio-4925. The court also observed that "Stainfield failed to request an injunction, imposition of penalties, and/or award of attorney fees due to the alleged violation of R.C. 121.22." *Id.* at ¶ 39.

{¶25} The Board also cites *Fahl*. In that case, property owners appealed two ordinances passed by the Athens City Council related to a proposed project to develop and construct a retirement center. *Fahl* at ¶ 3. The Athens County Court of Common Pleas dismissed the property owners for lack of standing. *Id.* at ¶ 5-7. They appealed to the Fourth District and argued that they had standing to challenge the ordinances because the City Council violated R.C. 121.22. *Id.* at ¶ 27, 40. In refusing to consider the property owners' arguments, the Fourth District quoted the Eleventh District's opinion in *Pfeffer v. Board of County Commissioners of Portage County*, in which the court stated that "an action

brought to enforce [R.C. 121.22] is an action with original jurisdiction in the court of common pleas. It is not an appeal." *Id.* at ¶ 28, 40, quoting *Pfeffer v. Bd. of Cty. Commrs. of Portage Cty.*, 11th Dist. Portage No. 2000-P-0030, 2001 WL 799850, *2 (July 13, 2001) (internal quotation marks omitted). The Fourth District concluded that because the property owners did not bring "an original action in the court of common pleas alleging a violation of [R.C. 121.22]," they could not raise their R.C. 121.22 arguments "in the narrow context of an administrative appeal." *Id.* at ¶ 29.

{¶26} Finally, the Board cites *Pfeffer*. In that case, the Board of Commissioners of Portage County adopted a resolution forgiving a $100,000 debt of a corporation, after meeting unannounced with the corporation's director. *Pfeffer* at *1. Members of the Brady Area Residents Association initiated an action, styled as a "notice of appeal," in which they asserted two "claims": (1) that the commissioners passed the resolution in violation of R.C. 121.22 and (2) that the commissioners' action was "unconstitutional, illegal, arbitrary, capricious and is not supported by the preponderance, substantial, reliable and probative evidence on the whole record." *Id.* at *1-2. The association members asked the common pleas court to "impose penalties as per law." *Id.* at *3. The commissioners moved to dismiss, arguing that the association members were attempting to appeal a legislative resolution, as opposed to a decision following an

adjudicatory hearing. *Id.* at *2. The trial court granted the commissioners' motion, and the association members appealed to the Eleventh District. *Id.* The Eleventh District reversed and remanded with instructions for the trial court to conduct a hearing to determine if the commissioners violated R.C. 121.22, reasoning that statute "addresses the form and manner in which decisions are made, and is not concerned with the content of those decisions." *Id.* at *3-4. The court said that notwithstanding the association members improperly labeling their R.C. 121.22 challenge as an "appeal," "the trial court, upon a thorough examination of the statute, should have recognized that an action to enforce R.C. 121.22 is not an appeal." *Id.* at *3. The Eleventh District also noted that "the Supreme Court of Ohio has held that R.C. 121.22(H) invalidates any formal action taken by a 'public body' (as defined within the statute) that results from deliberations conducted in private." *Id.*, citing *State ex rel. Delph v. Barr*, 44 Ohio St.3d 77, 81 (1989).

{¶27} We disagree with the holdings in *Pfeffer*, *Fahl*, and *Stainfield* to the extent the Eleventh and Fourth Districts concluded in those cases that an original action filed in a court of common pleas is the exclusive method to enforce R.C. 121.22 and that a court of common pleas may not consider in an administrative appeal whether a public body violated R.C. 121.22. Our decision is based on the plain and unambiguous language of R.C. 121.22(H), which provides that a

-21-

resolution, rule, or formal action of any kind passed in violation of R.C. 121.22 is invalid from the moment it is passed:

A resolution, rule, or formal action of any kind *is invalid* unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public *is invalid* unless the deliberations were for a purpose specifically authorized in division (G) or (J) of this section and conducted at an executive session held in compliance with this section. A resolution, rule, or formal action adopted in an open meeting *is invalid* if the public body that adopted the resolution, rule, or formal action violated division (F) of this section.

(Emphasis added.) R.C. 121.22(H). Invalidation of a public body's action under R.C. 121.22(H) is not conditioned on any certain challenge to that action. If a public body's action is invalid under R.C. 121.22(H), and a trial court can conclude as much based on the evidence properly before it in an administrative appeal, nothing in R.C. 121.22 requires the trial court to turn a blind eye to the action's invalidation.

{¶28} The procedure set forth in R.C. 121.22(I) does not affect our conclusion. R.C. 121.22(I)(1) provides that "[a]ny person may bring an action to

enforce this section." That subsection does not provide that a public body's resolution, rule, or formal action may be declared invalid only in an original action in common pleas court. It merely sets forth the procedure by which any person may challenge a public body's action—an action that, under R.C. 121.22(H), was or was not valid from the moment the public body acted.

{¶29} The Supreme Court of Ohio has stated that "R.C. 121.22[I] does not provide the exclusive remedy for a person adversely affected by the failure of a governmental body to comply with" R.C. 121.22. *State ex rel. Long v. Cardington Village Council*, 92 Ohio St.3d 54, 60 (2001), citing *Hardesty v. River View Local School Dist. Bd. of Edn.*, 63 Ohio Misc.2d 145, 149 (C.P.1993). In *Hardesty*, the River View Local School District Board of Education suspended students who allegedly received food items from the school cafeteria without paying sufficient compensation for them. 63 Ohio Misc.2d at 146. The students appealed the board's suspension decisions to the Coshocton County Court of Common Pleas under the administrative-appeal statutes, R.C. Chapter 2506. *Id.* The students argued that "the board's approvals of the suspensions were the result of at least one illegal executive session held prior to the public hearings and that the approvals were voted in violation of R.C. 121.22 * * *." *Id.* at 148.

{¶30} The Coshocton County Court of Common Pleas vacated the suspensions, concluding that the board's decisions to suspend the students were

"invalid" under R.C. 121.22 and "illegal" under R.C. 2506.04 because the board improperly discussed the suspensions in executive session. *Id.* at 150. The Court of Common Pleas held that it had jurisdiction within the context of an administrative appeal to consider potential R.C. 121.22 violations:

> Appellee board argues that this court is without jurisdiction to consider the effect of R.C. 121.22 in this administrative appeal, reasoning that R.C. 121.22(I) authorizes the bringing of an action to enforce provisions of this section and appellants in this case have brought only an R.C. Chapter 2506 appeal. This argument is unconvincing and appellee has provided to the court no authority for the principle that the injunction proceedings set forth in R.C. 121.22 are the exclusive remedy for a person adversely affected by an "invalid" act of a governmental body. R.C. 2506.04 clearly authorizes the court, "consistent with its findings," to vacate the order of the appellee board. It is the opinion of this court that in the course of an R.C. 2506.04 administrative appeal, an action found to be "invalid" under R.C. 121.22 can also, under appropriate factual circumstances, be found to be "illegal" under R.C. 2506.04, and this court so holds.

*Id.* at 149. We agree with the court's reasoning in *Hardesty* and the Supreme Court of Ohio's reliance on *Hardesty* in *Long*.

**{¶31}** Other decisions of the Supreme Court of Ohio support the conclusion that courts other than common pleas courts hearing original actions under R.C. 121.22(I) may consider whether public bodies' resolutions, rules, or other formal actions are invalid under R.C. 121.22(H). For example, in *State ex rel. Delph v. Barr*, the Court "granted a writ of quo warranto to remove a police chief whose appointment was invalid by operation of R.C. 121.22(H)." *State ex rel. Randles v. Hill*, 66 Ohio St.3d 32, 34 (1993), citing *State ex rel. Delph v. Barr*, 44 Ohio St.3d 77 (1989). In *Delph*, an applicant for a police chief position who ultimately missed out on the appointment initiated a quo warranto action in the Court of Appeals for Highland County, attempting to oust the appointed police chief and obtain a writ making the applicant the police chief. *Delph* at 79. Notwithstanding the provisions of R.C. 121.22(I) discussing the power of courts of common pleas to issue injunctions for violations of R.C. 121.22, and notwithstanding that the applicant initiated his action in the Court of Appeals, the Supreme Court of Ohio agreed with the Court of Appeals that the police chief held the office unlawfully

because his "appointment was not accomplished in compliance with R.C. 121.22 * * *." *Id.* at 80.[5]

{¶32} The Supreme Court of Ohio has also considered in mandamus actions whether R.C. 121.22 was violated. In *State ex rel. Fairfield Leader v. Ricketts*, the Court "applied [R.C. 121.22] to supposedly 'informal' meetings where discussions of public interest were held" and "issued a writ of mandamus compelling the commissioners and the trustees separately to prepare minutes describing their discussions." *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 543 (1996), citing *State ex rel. Fairfield Leader v. Ricketts*, 56 Ohio St.3d 97 (1990). *See also State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, ¶ 25 ("R.C. 121.22(I), which affords mandatory injunctive relief by way of a common pleas court action to enforce the provisions of the Open Meetings Act, does not prevent a mandamus action."), citing *Fairfield Leader* at 102; *Long*, 92 Ohio St.3d at 60 ("An action for a mandatory injunction, however, is an *extraordinary* remedy that

---

[5] The version of R.C. 121.22(H) below, in effect at the time of the Court's decision in *Delph*, was substantially similar to the current version:

> A resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) of this section and conducted at an executive session held in compliance with this section.

*See also Delph* at 81.

does not preclude a writ of mandamus to enforce R.C. 121.22 and 149.43." (Emphasis sic.)).

{¶33} We hasten to point out three important aspects of our holding today. First, we express no opinion as to whether it is possible, given the evidence properly before the trial court, to determine whether the Board did or did not violate R.C. 121.22. Nor do we express an opinion as to whether the Board did or did not violate R.C. 121.22. Those are questions for the trial court to decide on remand. Second, our holding does not authorize a trial court sitting as an appellate body in an administrative appeal to allow the parties to present evidence not authorized by the administrative-appeal statutes, R.C. Chapter 2506. Third, our opinion does not affect any right that the Brennemans may have under R.C. 121.22 to challenge Resolution #421-12 by filing an original action in the court of common pleas.

{¶34} For the reasons above, we hold that the trial court had jurisdiction to consider whether the Board's Resolution #421-12 was invalid based on a violation of R.C. 121.22, and the trial court's conclusion to the contrary was an error of law.

{¶35} The Brennemans' first assignment of error is therefore sustained.

**Assignment of Error No. II**

**The trial court erred when it concluded that a document which was back dated as part of the public record does not invalidate the Board's resolution due to such an illegal act.**

**Assignment of Error No. III**

**The trial court erred by not vacating the Wrasman Project due to the Board's failure to adopt a final schedule of assessments pursuant to R.C. 1515.24(D)(2).**

{¶36} In their second assignment of error, the Brennemans argue that the trial court erred when it concluded the possible backdating of the schedule of estimated assessments from Soil and Water did not invalidate or render illegal Resolution #268-12, which the Board passed after it received the possibly backdated schedule of estimated assessments. In their third assignment of error, the Brennemans argue that the trial court erred when it concluded that the Board's failure to adopt a final schedule of assessments pursuant to R.C. 1515.24(D)(2) was a "moot" issue because the Board never approved a final schedule of assessments from which the Brennemans could appeal.

{¶37} In light of our decision that the trial court erred as a matter of law when it concluded that it did not have jurisdiction in the context of an administrative appeal to consider the Brennemans' argument that the Board violated R.C. 121.22, the Brennemans' second and third assignments of error have been rendered moot, and we decline to address them. App.R. 12(A)(1)(c).

**Cross-Assignment of Error**

**The trial court, sitting as the appellate court for this administrative appeal, committed reversible error in its order entry of October 23, 2012, granting appellants an evidentiary hearing under R.C. §2506.03.**

{¶38} Based on our disposition of the Brennemans' first assignment of error, resulting in a reversal of the trial court's decision, we consider this properly asserted defensive cross-assignment of error. R.C. 2505.22; *Byers v. Robinson*, 10th Dist. Franklin No. 08AP-204, 2008-Ohio-4833, ¶ 49 ("An appellee who has not filed a notice of appeal (cross-appeal) can file cross-assignments of error under R.C. 2505.22." (citation and internal quotation marks omitted)). *See also Conley v. Endres Processing Ohio, L.L.C.*, 3d Dist. Wyandot No. 16-12-11, 2013-Ohio-419, ¶ 23 ("We may consider an appellee's cross-assignment of error 'only when necessary to prevent a reversal of the judgment under review.'"), quoting *Parton v. Weilnau*, 169 Ohio St. 145 (1959), paragraph seven of the syllabus.

{¶39} In its cross-assignment of error, the Board argues that the trial court erred when it granted the Brennemans' motion to allow additional evidence pursuant to R.C. 2506.03. Within 40 days of a party appealing under R.C. 2506.01,

the officer or body from which the appeal is taken, upon the filing of

a praecipe by the appellant, shall prepare and file in the court to

which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision.

R.C. 2506.02.

**{¶40}** Under R.C. 2506.03, "an appeal under R.C. 2506.01 'shall proceed as in the trial of a civil action, but the court shall be confined to the transcript [from the administrative hearing] * * * unless it appears, on the face of the transcript or by affidavit filed by the appellant,' that certain enumerated exceptions apply." *State ex rel. 506 Phelps Holdings, L.L.C. v. Cincinnati Union Bethel*, 1st Dist. Hamilton Nos. C-120461, C-120462, and C-120474, 2013-Ohio-388, ¶ 43. Those five exceptions are:

(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant.

(2) The appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision , and to do any of the following:

(a) Present the appellant's position, arguments, and contentions;

(b) Offer and examine witnesses and present evidence in support;

(c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions;

(d) Offer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions;

(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

(3) The testimony adduced was not given under oath.

(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from, or the refusal, after request, of that officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body.

(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision.

R.C. 2506.03(A).

{¶41} "The Ohio Supreme Court has recognized that R.C. 2506.03 'makes liberal provision for the introduction of new or additional evidence.'" *506 Phelps Holdings, L.L.C.* at ¶ 44, quoting *Cincinnati Bell, Inc. v. Glendale*, 42 Ohio St.2d 368, 370 (1975). *See also State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 96 Ohio St.3d 400, 2002-Ohio-4906, ¶ 13 ("R.C. 2506.03 contains a liberal provision for the introduction of new or additional evidence to be heard by a reviewing court." (internal quotation marks omitted)), quoting *Elbert v. Bexley*

*Planning Comm.*, 108 Ohio App.3d 59, 72 (10th Dist.1995) and *In re Annexation of Certain Territory*, 82 Ohio App.3d 377, 381 (3d Dist.1992). "We review the trial court's decision to allow the introduction of additional evidence under R.C. 2506.03 under an abuse of discretion standard." *506 Phelps Holdings, L.L.C.* at ¶ 44, citing *Saeed v. Cincinnati*, 1st Dist. Hamilton No. C-030854, 2004-Ohio-3747, ¶ 18.

**{¶42}** Here, the Brennemans moved the trial court to allow additional evidence under two of the exceptions—R.C. 2506.03(A)(1) and (3). The trial court rejected the Brennemans' request under R.C. 2506.03(A)(3), but it granted their request under R.C. 2506.03(A)(1), finding well taken the Brennemans' argument that the transcript filed by the Board did not contain all of the evidence admitted or proffered. Specifically, the Brennemans argued that the transcript lacked the Brennemans' notice of appeal to the trial court, documents relating to a petition filed with the Board by the Brennemans under R.C. Chapter 6131 for a separate ditch project, and a "corrected" estimated schedule of assessments.

**{¶43}** Keeping in mind R.C. 2506.03's "liberal provision for the introduction of new or additional evidence," we conclude that the trial court did not abuse its discretion when it granted the Brennemans' motion and allowed them to present additional evidence. *See 506 Phelps Holdings, L.L.C.* at ¶ 44. The transcript of the objection hearing—which the Board first filed in audio format and

later filed in typewritten format—reflects that counsel for the Brennemans directed the Board's attention to the R.C. Chapter 6131 petition. The Brennemans' counsel argued that because the R.C. Chapter 6131 petition was filed before Soil and Water certified the Wrasman project to the Board on March 22, 2012, the Board needed to dispose of the R.C. Chapter 6131 petition before disposing of the Wrasman project. (Case No. CV 2012 0432, Doc. No. 7, Attachment No. 16); (Case No. CV 2012 0432, Doc. No. 12, Ex. 3 ). Stanley G. Brenneman swore in an affidavit attached to the Brennemans' motion that he was one of the six petitioners who filed the R.C. Chapter 6131 petition and that the petition was not included in the transcript filed by the Board. (Case No. CV 2012 0432, Doc. No. 11, attached).

{¶44} Furthermore, notes from the July 9, 2012 objection hearing—filed by the Board as part of the transcript for the Brennemans' appeal challenging Resolution #421-12—indicate that the Brennemans' R.C. Chapter 6131 petition "needs to be reviewed prior to approval of Wrasman." (Case No. CV 2012 0432, Doc. No. 7, Attachment No. 15). While that notation may or may not have simply referred to the Brennemans' counsel's argument at the hearing, it could have raised questions in the mind of the trial court of whether the Board included with the filed transcript all evidence proffered by the Brennemans at the hearing and whether the filed transcript contained all evidence that the Board considered in

issuing Resolution #421-12. *See* R.C. 2506.03(A)(1) and 2506.02. For that reason alone, we cannot conclude that the trial court abused its discretion by allowing the Brennemans to present additional evidence. The Board's cross-assignment of error is therefore overruled.

{¶45} Having found error prejudicial to the appellants herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS and SHAW, J.J., concur.**

**/jlr**